**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10345 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00455-HDM-PAL-2 |
| v. | |
| CHARLES BO MUMPHREY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted September 9, 2014[**]
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Charles Bo Mumphrey and his brother, Richard Nelson, were charged with

robbing a bank in Las Vegas, Nevada on the morning of November 9, 2012.

Nelson was apprehended outside the bank and pled guilty. Mumphrey was

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

convicted by a jury of interference with commerce by robbery under 18 U.S.C. § 1951. The district court found that Mumphrey's prior convictions qualified him for a career offender enhancement under the federal sentencing guidelines, and the court imposed a 210-month custodial sentence. Mumphrey appeals from his judgment of conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Mumphrey argues that the district court's career offender enhancement to his sentence was unconstitutional because the fact of his prior convictions was not charged and found by the jury as required under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, *Apprendi* applies only to the finding of a fact "that increases the penalty for a crime beyond the prescribed statutory maximum." *Id.* at 490. Because the maximum statutory sentence for interference with commerce by robbery is 20 years (or 240 months), 18 U.S.C. § 1951(a), and Mumphrey was sentenced to only 210 months, *Apprendi* does not apply. *See United States v. Alli*, 344 F.3d 1002, 1009 (9th Cir. 2003) ("This court has repeatedly held that *Apprendi* does not apply to guidelines enhancements where the sentence imposed is within the statutory maximum.").

Second, Mumphrey asserts that two officers involved in the robbery investigation should not have been permitted to testify at trial about a monitored,

2

recorded phone call that Nelson made after his apprehension. Mumphrey argues that the officers should not have been permitted to (1) identify his voice on the recorded call and (2) interpret the meaning of the recorded conversation.

"Where the government offers a tape recording of the defendant's voice, it must also make a prima facie case that the voice on the tape is in fact the defendant's . . . ." *United States v. Gadson*, Nos. 12-30007, 12-30047, 2014 WL 4067203, at *8 (9th Cir. Aug. 19, 2014). A prima facie case may be based on the testimony of a lay witness who "has heard the voice 'at any time under circumstances connecting it with the alleged speaker.'" *United States v. Thomas*, 586 F.2d 123, 133 (9th Cir. 1978) (quoting Fed. R. Evid. 901(b)(5)). Pursuant to this "low threshold for voice identifications," an identifying witness need only be "minimally familiar with the voice he identifies." *United States v. Plunk*, 153 F.3d 1011, 1023 (9th Cir. 1998) (internal quotation marks omitted), *overruled on other grounds by United States v. Hankey*, 203 F.3d 1160, 1169 n.7 (9th Cir. 2000). Mumphrey objected at trial to the identifying testimony of an officer to whom he had spoken multiple times. The district court did not abuse its discretion in permitting that officer to identify Mumphrey's voice. *See United States v. Orm Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012) (abuse of discretion review applies to evidentiary rulings objected to at trial). Mumphrey did not object at trial to the

3

identifying testimony of an officer to whom he had spoken once for approximately 10 minutes. The district court did not commit plain error in permitting that officer to identify Mumphrey's voice. *Id.* (plain error review applies to evidentiary rulings not objected to at trial).

Pursuant to Federal Rule of Evidence 701, a lay witness is permitted to opine on the meaning of vague and ambiguous recorded statements and terms, including "vague pronouns" and "ordinary terms" used in an ambiguous fashion. *Gadson*, 2014 WL 4067203, at *11-15. The admission of such testimony is "committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion." *Id.* at *14. It is within the trial judge's discretion to admit a law enforcement officer's "interpretations of ambiguous conversations based upon the officer's direct knowledge of the investigation." *Id.* at *15 (internal alteration marks omitted). Here, the district court's decision to allow officer testimony explaining the meaning of certain words and phrases used in the recorded conversation was not a clear abuse of discretion.

Moreover, even if the admission of such testimony were error, it was more probably than not harmless. The jury's verdict was amply supported by other evidence, including (1) the bank manager's identification of Mumphrey as the robber, (2) phone records showing that Nelson and Mumphrey exchanged 12 calls

4

on the morning of the robbery, and (3) the discovery of shoes in Mumphrey's apartment that matched the shoes worn by the second robber in the bank's surveillance video. *See United States v. Freeman*, 498 F.3d 893, 905-06 (9th Cir. 2007) (admission of testimony interpreting recorded calls was harmless "[i]n light of the evidence as a whole"). Any possible prejudice was also negated by the court's repeated admonition that it was the jury's duty to interpret the call for itself. *See Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000) (en banc) (cautionary instruction ordinarily cures prejudice).

Finally, Mumphrey claims that the district court erred by allowing a conspiracy charge to go to the jury. This claim is incoherent, because Mumphrey was not charged with conspiracy and the jury decided no such charge.

**AFFIRMED.**